| WESTLEY GONCE, | Civ. No. 2:18-cv-08662-KSH-CLW |
| --- | --- |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

This matter comes before the Court on Defendant Prudential Insurance Company of America's ("Prudential") Motion to Transfer Venue to the United States District Court for the Eastern District of Tennessee. (ECF No. 3). The Court declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78, and, for the reasons set forth below, Defendant's Motion is **GRANTED**.

### I. BACKGROUND

This ERISA action arises from Prudential's denial of long-term disability benefits under an employee benefit plan issued by Plaintiff's employer, Sprint Nextel Corporation ("Sprint"). Plaintiff Westley Gonce, who resides and worked in Tennessee, was a full-time Sprint employee until he allegedly became disabled on September 12, 2012. (Compl. ¶¶ 16, 19). Plaintiff was a covered beneficiary under a long-term disability benefit plan ("the Plan") sponsored by Sprint. (*Id.* ¶¶ 8-9). After receiving short-term disability benefits, Plaintiff filed for long-term disability benefits under the Plan. (*Id.* ¶ 22). Prudential denied Plaintiff long-term disability benefits on August 25, 2016. (*Id.* ¶ 23). Plaintiff exhausted his administrative remedies, which resulted in Prudential upholding the denial. (*Id.* ¶¶ 26, 27, 43). Plaintiff then brought this action, alleging that Prudential wrongfully denied him benefits in violation of ERISA and the Plan. (*Id.* ¶ 66).

1

On July 6, 2018, Defendant filed its Motion to transfer this case to the Eastern District of Tennessee. (ECF No. 3). Defendant argues that the Eastern District of Tennessee is the proper venue because Plaintiff lived, worked, and received medical treatment in Tennessee, and very few of the operative facts occurred in New Jersey. Plaintiff filed his Opposition on July 23, 2018. (ECF No. 7). According to Plaintiff, Defendant has not met its burden for demonstrating that transfer is convenient and in the interest of justice. On July 30, 2018, Prudential filed its Reply. (ECF No. 8).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" Section 1404(a) gives district courts discretion to transfer cases initially brought in the proper venue to alternative venues after conducting an "individualized, case-by-case" analysis. 28 U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 616, 622 (1964); *Jumara*, 55 F. 3d at 883; *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000). The party seeking transfer "bears the burden of establishing that the transfer is appropriate and must establish that the alternative forum is more convenient than the present forum." *Santi v. Nat'l Bus. Records Mgmt., LLC,* 772 F. Supp. 2d 602, 606 (D.N.J. 2010).

Section 1404(a) requires a two step inquiry to determine whether transfer is appropriate. First, the Court must determine if plaintiff could have originally brought suit in the proposed forum. *Ragner Tech. Corp. v. Berardi*, 287 F. Supp. 3d 541, 547 (D.N.J. 2018). If venue is proper in the transferee forum, the Court then looks to "whether the transfer would be in the interest of justice and for the convenience of parties and witnesses." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In *Jumara*, the Third Circuit articulated a multifactor test that balances public

2

and private interest factors to determine if transfer is appropriate.[1] 55 F.3d at 879-90. The balancing of these factors is discretionary. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). There is "no definitive formula [as] courts have considered many variants of the . . . interests protected by the language of § 1404(a)." *Jumara*, 55 F.3d at 879.

## III. DISCUSSION

The Court finds that it is appropriate to exercise its discretion under Section 1404(a) to grant Defendant's Motion. First, under the ERISA venue statute, venue is proper in the Eastern District of Tennessee. Second, the *Jumara* factors weigh in favor of transferring this matter to the Eastern District of Tennessee.

### A. VENUE IS PROPER IN THE EASTERN DISTRICT OF TENNESSEE

As a threshold matter, the Court must determine whether "venue and personal jurisdiction are proper" in the Eastern District of Tennessee. *Ragner*, 287 F. Supp. 3d at 547. The ERISA statute provides that actions "may be brought in [1] the district where the plan is administered, [2] where the breach took place, or [3] where defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Here, Defendant claims that venue is proper in the Eastern District of Tennessee because the alleged breach of the Plan took place in Tennessee, which is where Plaintiff would have received long term disability benefits. (Def.'s Br., ECF No. 3-1, at p. 4-5).

Courts in this District have taken different approaches to determining "where the breach took place" under the ERISA venue provision. In *Moore v. St. Paul Companies, Inc.*, the Court found

---

[1] The public interest factors include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879. The private interest factors are: (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the location of books and enforceability of the judgment. *Id.* at 879-80.

3

Case 2:18-cv-00203-TRM-MCLC Document 10 Filed 10/31/18 Page 3 of 9 PageID #: 166

that for venue purposes, the location of the breach depends on its nature. Where, as here, Plaintiff alleges that Defendant breached the Plan by denying benefits, the breach takes place where the plaintiff lives and would have received those benefits. No. CIV. A. 94-1329, 1995 WL 11187, at *6 (D.N.J. Jan. 3, 1995); *see also Schwartz v. Employee Benefit Mgmt. Sys.*, No. CV17656SDWLDW, 2017 WL 2119446, at *2 (D.N.J. May 16, 2017) (noting that New Jersey was an improper venue under *Moore* because "the alleged breach is based on an improper denial of benefits" and Plaintiff lived in Montana). By contrast, alleged breaches that stem from the internal administration of ERISA plans, such as the mismanagement of plan assets, "take place" where defendants make plan decisions. *Id.*

In *Tyson v. Pitney-Bowes Long-Term Disability Plan*, the Court implicitly rejected *Moore*'s distinction and found that the breach of the Plan took place "where the decision to terminate [Plaintiff's] benefits was made," which was the Connecticut office of the Defendant's employment benefits committee. No. CIV.A.07CV3105(DMC), 2007 WL 4365332, at *3 (D.N.J. Dec. 11, 2007) (citing *Mem'l Hermann Hosp. Sys. v. Boyd Gaming Corp. Percs Plan*, No. CIV. H-06-3570, 2007 WL 624334, at *1 (S.D. Tex. Feb. 22, 2007)); *see also Plastic Surgery Ctr. V. Blue Cross Blue Shield of Michigan*, No. 3:13-CV-02536 FLW, 2013 WL 5773120, at *3 (D.N.J. Oct. 23, 2013) (relying on *Tyson* to conclude that breach of the ERISA plan took place in Michigan, where Defendant decided to terminate Plaintiff's benefits). In *Tyson* and *Plastic Surgery Center*, unlike in this action, Defendants contested venue in the forum where the Plaintiffs would have received their benefits and sought transfer to the plan administrator's home district.

The Court follows the approach taken in *Moore*. Plaintiff lived, worked, and would have received long term disability benefits under the Plan in Tennessee. Therefore, the denial of benefits and the alleged breach of the Plan "took place" in Tennessee. *See Longo v. Trojan Horse Ltd.*, 992

4

F. Supp. 2d 612, 618 (E.D.N.C. 2014) ("An alleged breach under ERISA is deemed to have 'occurred in the district where the beneficiary receives his benefits.'"). In his Opposition, Plaintiff does not dispute Defendant's assertion that venue is proper in the Eastern District of Tennessee under the ERISA statute. Rather, Plaintiff merely points out that the ERISA statute also provides for venue in the District of New Jersey, because Prudential is headquartered there. (Pl.'s Opp., ECF No. 7, at p. 6-7). Accordingly, the Court finds that this ERISA action could have been brought in the transferee district and will proceed to analyze whether transfer would be in the interests of justice under Section 1404(a).

### B. THE JUMARA FACTORS FAVOR TRANSFER

**Private Interest Factors**

The parties' private interests weigh in favor of transferring this action to the Eastern District of Tennessee. The Court first considers the parties' respective forum choices. Typically, a plaintiff's forum choice entitled to deference. *Janosko v. United of Omaha Life Ins. Co.*, No. CV 16-1137 (RBK/KMW), 2016 WL 4009818, at *3 (D.N.J. July 25, 2016) (quoting *Jumara*, 55 F. 3d at 880)). However, plaintiffs enjoy less deference when they choose a foreign forum, as Plaintiff has done here. *Id.* (citing *Wm. H. McGee & Co. v. United Arab Shipping Co.*, 6 F. Supp. 2d 283, 290 (D.N.J. 1997)). Therefore, Plaintiff's selection of the District of New Jersey does not definitively tip the balance in Plaintiff's favor.

Next, the Court looks to where the claim arose. Defendant argues that the gravity of the facts in this action is centered in Tennessee. (Def.'s Br, ECF No. 3-1, at p. 11). The Court agrees. Plaintiff is a Tennessee resident, worked for the Plan Sponsor in Tennessee, became disabled while in Tennessee, and would have received benefits there. Furthermore, Plaintiff's medical providers are in Tennessee. (Pl.'s Opp., ECF No. 7, at p. 7). The factual ties to this District are weaker. Although Defendant is headquartered in New Jersey, Plaintiff's claim was processed in

5

Pennsylvania, and the majority of Prudential employees involved in Plaintiff's claim work outside of New Jersey. (Decl. of Meredith Formon, ECF No. 3-2 at ¶¶ 12-13). Thus, this factor supports transfer. *See, e.g., Janosko*, 2016 WL 4009818 at *2 (finding that this factor weighed in favor of transfer of ERISA action from the District of New Jersey to the Eastern District of Virginia where "Plaintiff lives in Virginia, Decedent worked in Virginia, the Policy was issued in Virginia, Decedent died in Florida, the claim for benefits was submitted in Nebraska, and the letter denying benefits was received in Virginia.").

Plaintiff's attempt to minimize the importance of where the claim arose is unpersuasive. Plaintiff argues that the ERISA venue provision "indicates that Congress intended for a different type of venue analysis, which does not give weight favoring transfer of venue merely because the claim arose elsewhere." (Pl.'s Opp., ECF No. 7, at p. 7). Plaintiff does not cite to any support for this proposition, and courts in this District have not found that the ERISA venue provision supersedes the *Jumara* analysis. The ERISA statute "only expand[s] the number of forums in which plaintiffs may file their action," and "neither the statute nor [its] Congressional history…do away with the need for a balanced analysis, or prohibit the Court from transferring the matter when convenience and justice strongly favor transfer." *Santomenno v. Transamerica Life Ins. Co.*, No. CIV.A. 11-736 ES, 2012 WL 1113615, at *6 (D.N.J. Mar. 30, 2012) (surveying cases).

Finally, the Court considers the convenience of parties and witnesses, as well as the location of documentary evidence. At the outset, Plaintiff maintains that these three factors are irrelevant because this case will be resolved based on the administrative record through motion practice. (Pl.'s Opp., ECF No. 7, at p. 6). However, "it is premature at this stage of the litigation to predict the ultimate resolution" of this matter and to conclude that discovery outside of the administrative record and trial are foreclosed. *Girgis v. Hartford Life & Acc. Ins. Co.*, No. 2:10-CV-05279 DMC,

6

2011 WL 2115814, at *3 (D.N.J. May 25, 2011). Accordingly, the Court incorporates these factors in the transfer analysis and finds that they lend slightly more support for transferring this case to the Eastern District of Tennessee.

Plaintiff, as an individual litigant, may find it more convenient to litigate this action in his home state. Defendant Prudential is a large national company with significant resources, and, presumably, does not find it inconvenient to litigate in the forum to which it wants this action transferred. In terms of the convenience of witnesses, Plaintiff and his medical providers are in Tennessee, while the Prudential employees who reviewed and processed Plaintiff's claim work in Pennsylvania, New Jersey, Maine, Missouri and Massachusetts. (Declaration of Meredith Formon, ECF No. 3-2 at ¶¶ 12-13). Therefore, the convenience of witnesses does not weigh heavily in favor of either forum.

Defendant acknowledges that Prudential keeps records related to Plaintiff's claims outside of Tennessee, but notes that any past and future medical records would originate with Plaintiff's providers in Tennessee. (Def.'s Br., ECF No. 3-1 at p. 10). The Court does not afford much significance to the location of documents in multiple states, given that this factor has faded in importance with the advent of electronic record keeping. *See Jumara*, 55 F. 3d at 879; *Santomenno*, 2012 WL 1113615 at *9 ("the Court affords this factor little weight because it is likely that most of the documents…are stored electronically and therefore accessible from anywhere").

**Public Interest Factors**

The public interest *Jumara* factors do not disturb the Court's conclusion that the Eastern District of Tennessee is the appropriate venue under Section 1404(a). Factors one, five, and six are irrelevant. The first factor – the enforceability of the judgment – does not tip the balance in either direction, as Plaintiff's federal law claims are enforceable in either forum. *See Santomenno*, 2012

WL 1113615 at *10. Similarly, because this is a federal law action, the public policies of the fora and the familiarity of the trial judge with state law do not figure into the Court's analysis. *See Janosko*, 2016 WL 4009818 at *4.

The public interest factors that are applicable to this case do not push the needle in either direction. New Jersey and the Eastern District of Tennessee both have a local interest in this controversy. The Eastern District of Tennessee has an interest in the Tennessee policyholder's claims, while New Jersey is home to the headquarters of the Plan administrator. Defendant claims that litigating this case in the transferee district is in the public interest because the District of New Jersey carries a higher case load with a longer time from filing to trial than the Eastern District of Tennessee. (Def.'s Br., ECF No. 3-1 at 12). The Court recognizes this disparity in court congestion, although it does not weigh heavily in its analysis. *See Janosko*, 2016 WL 4009818 at *4 (recognizing that courts are hesitant to draw conclusions about the burdens on federal courts) (citing *Girgis,* 2011 WL 2115814, at *3; *Textron Innovations, Inc. v. The Toro Co.,* No. 05-cv-486, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005)).

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion will be **GRANTED.** An appropriate order follows.

**ACCORDINGLY, IT IS** on this 31st day of October, 2018,

**ORDERED** that Defendant Prudential Insurance Company of America's Motion to Transfer to the Eastern District of Tennessee (ECF No. 3) is **GRANTED**; and it is further

**ORDERED** that the case be transferred to the Eastern District of Tennessee; and it is further

**ORDERED** that this cause of action is closed.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**